IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STANLEY LEE BRADLEY, #73305**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:18-cv-196-TBM-LGI**

**FRANK SHAW**                                              **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on the Report and Recommendation [19] of United States Magistrate Judge LaKeysha Greer Isaac and the Objections [21] of Petitioner Stanley Lee Bradley. Magistrate Judge Isaac recommends denying Bradley's Petition for Writ of Habeas Corpus [1], in which Bradley challenges his 2015 conviction and sentence for aggravated assault. Magistrate Judge Isaac finds that Bradley's four asserted grounds for relief are either procedurally barred or without merit. The Court finds the Report and Recommendation [19] should be adopted, the Objections [21] should be overruled, and Bradley's Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2254 should be dismissed with prejudice.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On February 15, 2014, Bradley and his long-time girlfriend, Cassandra Baker, invited people to their home to celebrate Cassandra's birthday. It is undisputed that later that night, Bradley and David Baker, Cassandra's brother, got into a fight. Bradley stabbed David Baker multiple times with a pocketknife. David Baker was treated at the hospital for one stab wound to his lower side and four stab wounds to his upper back. Bradley was arrested and charged with aggravated assault.

Although Bradley was provided court-appointed counsel, he insisted on fully participating in his representation at trial. Despite cautioning by the state court, Bradley elected to proceed with a hybrid representation. Bradley gave his own opening statement and cross-examined the victim, David Baker. Counsel conducted voir dire; cross-examined Bradley's girlfriend, Cassandra Baker, and the responding officer, Jarrod Smith; prepared jury instructions; and gave the closing argument. A jury found Bradley guilty of aggravated assault, and he was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Bradley appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence. After his petitions for rehearing and writ of certiorari were denied, Bradley filed a *pro se* application for state habeas relief asserting four claims for ineffective assistance of counsel. Upon review, the Mississippi Supreme Court denied his application finding his claims either procedurally barred or without merit.

In his instant habeas Petition, Bradley raises the same four ineffective assistance of counsel arguments that were raised, and rejected, in state court:

> Ground One: Ineffective trial counsel by failing to address the differences in State's witnesses trial testimony and prior statement(s).
>
> Ground Two: Ineffective trial counsel for failing to object to trial court refusal of relevant evidence supporting self-defense theory.
>
> Ground Three: Ineffective trial counsel for failing to object to Prosecutor's improper remarks during closing argument of "send-a-message."
>
> Ground Four: Ineffective trial counsel for failure to conduct adequate pretrial investigation.

[1], pg. 5, 7, 8, 10. The Magistrate Judge thoroughly analyzed each ground in the Report and Recommendation and recommends denying Bradley's Petition because—in part—he "cannot now complain [that] he received exactly what he requested—assistance of counsel while

conducting his own defense." [19], pg. 20 (citing *Metcalf v. State*, 629 So. 2d 558, 565 (Miss. 1993)). Bradley objects to the Magistrate Judge's findings on all grounds. The Court will first address the procedurally barred claim presented in Ground Three and will then turn to his exhausted claims in Grounds One, Two, and Four.

## II. STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), objections to a Report and Recommendation must be filed within fourteen days. It is well-settled that "[p]arties filing objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (alteration in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle*, 834 F.2d at 421). Additionally, "[m]erely reurging the allegations in the petition . . . is insufficient to receive *de novo* review." *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). This Order focuses only on the portions in which Bradley has raised objections, as the Court has reviewed the remainder of the Report (*i.e.*, the portions not objected to) and has found it is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1).

A writ of habeas corpus by a state prisoner who has exhausted his state-law remedies will only be granted if the state court's adjudication of the merits of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court's decision is contrary to clearly established federal law if it 'applies a rule that contradicts the governing law set forth' in Supreme Court cases or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent.'" *Fields v. Thaler*, 588 F.3d 270, 273 (5th Cir. 2009) (alteration in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). "A state court's decision constitutes an 'unreasonable application' of clearly established Federal law, as determined by the Supreme Court, if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Horn v. Quarterman*, 508 F.3d 306, 312 (5th Cir. 2007) (alteration in original) (internal quotations omitted). "[T]he state court's factual findings are 'presumed to be correct' unless the applicant rebuts this presumption with 'clear and convincing evidence.'" *Vollmer v. Davis*, 673 F. App'x 406, 410 (5th Cir. 2016) (quoting 28 U.S.C. § 2254(e)(1)).

Courts may not use federal habeas review to "second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 567 U.S. 37, 38, 132 S. Ct. 2148, 183 L. Ed. 2d 32 (2012) (quoting *Renico v. Lett*, 559 U.S. 766, 779, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)). Thus, even if the federal habeas court "concludes in its independent judgment that the relevant state-court decision applied

4

clearly established federal law erroneously or incorrectly," it may not issue the writ unless it also finds that the state court's actions were unreasonable. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (quoting *Williams*, 529 U.S. 36 at 411). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

### III. DISCUSSION AND ANALYSIS

In his Petition, Bradley raises four claims for ineffective assistance of trial counsel arising out of his 2015 trial for aggravated assault. To prove ineffective assistance of counsel, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness,'" and "but for his counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The *Strickland* analysis is deferential, for "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Succeeding with a *Strickland* claim is doubly as difficult on habeas review due to 28 U.S.C. § 2254's likewise deferential standard. *Harrington*, 562 U.S. at 105. In order to merit federal habeas relief, a state court's adjudication of an ineffective assistance of counsel claim must not only be incorrect, but must be "an unreasonable application of *Strickland*." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (brackets omitted) (quoting *Harrington*, 562 U.S. at 101). "In exercising our habeas review under § 2254(d), we review only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton*, 543 F.3d at 236.

**A. Ground Three: Failure to object to the prosecutor's remarks during closing argument of "send-a-message."**

After a jury found Bradley guilty of aggravated assault and he was sentenced to twenty years imprisonment, Bradley filed a direct appeal with the Mississippi Court of Appeals arguing that the prosecution made improper "send-a-message" comments during closing argument. In his direct appeal, the Mississippi Court of Appeals found this ground procedurally barred because no contemporaneous objection was made to the remarks at trial. Despite the procedural bar, the Mississippi Court of Appeals reviewed the issue for plain error. Upon review, the Mississippi Court of Appeals found that "[t]he prosecutor did not urge jurors to use their verdict to send a message to anyone. Instead, the prosecutor argued that the evidence showed that Bradley was guilty, his behavior was not merely a family dispute but unacceptable and unreasonable, and the jury should hold him accountable." [8-8], pg. 18. Because the prosecutor's statements were not improper, much less "so inflammatory that the trial judge should have objected on his own motion," the Mississippi Court of Appeals found no error. *Id.* The Mississippi Court of Appeals affirmed his conviction and sentence, concluding that even if his claim was not procedurally barred, there was no clear error.

Following his direct appeal, Bradley filed a *pro se* application for state habeas relief with the Mississippi Supreme Court. Rather than arguing that the prosecution made improper "send-a-message" comments during closing argument, however, Bradley argued for the first time that trial counsel was ineffective for failing to object to said comments. Upon review, the Mississippi Supreme Court found that his ineffective assistance of counsel claim was barred. Relying on *Foster v. State*, 687 So.2d 1124, 1129 (Miss. 1996), the Mississippi Supreme Court explained that "issues

which were . . . presented through direct appeal . . . are procedurally barred and cannot be relitigated under the guise of poor representation by counsel." [8-8], pg. 3.

Although unexhausted, Bradley now raises the same ineffective assistance of counsel claim presented for the first time in his state habeas application. In considering Bradley's federal habeas petition, the Magistrate Judge found that Ground Three is foreclosed from federal review, as the procedural bar imposed by the Mississippi Supreme Court was an independent and adequate state ground consistently and regularly applied to procedurally defaulted claims. *Roberts v. Thaler*, 681 F.3d 597, 605 (5th Cir. 2012) ("A petitioner may not overcome a procedural default based on independent and adequate state grounds, unless the prisoner can establish cause for the default and actual prejudice . . . or that the failure to consider his claims would result in a fundamental miscarriage of justice.").

As explained in the Report and Recommendation, however, "a court may resurrect a defaulted claim, and consider its merits, if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). The Magistrate Judge found that Bradley failed to show that he was actually innocent and that he would suffer a fundamental miscarriage of justice if his claim was not considered. The Magistrate Judge also found that Bradley failed to show cause for the default. In so finding, the Magistrate Judge explained that while "[t]he failure to raise an ineffective assistance of counsel claim on appeal may serve as 'cause' to excuse procedural default," "the claim of ineffective assistance of counsel on direct appeal is an independent constitutional violation, which

7

must itself be exhausted using state collateral review procedures." [19], pg. 8. The Magistrate Judge found that "Bradley did not exhaust an independent claim that his appellate counsel was ineffective for failing to raise ground three on direct appeal; thus, attorney error cannot serve as cause to overcome his procedural default." The Report and Recommendation concluded that Bradley failed to overcome the procedural bar and recommends that Ground Three be denied.

Bradley objects to the Magistrate Judge's finding that he failed to show cause for the procedural default and argues that the Report and Recommendation erroneously overlooked the "*Martinez* Rule" set forth in *Martinez v. Ryan*, 566 U.S. 1, 132. S. Ct. 1309, L. Ed. 2d 272 (2012). In *Martinez*, the Supreme Court explained:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Pursuant to *Martinez*, a procedural default can be excused if: (1) the claim of ineffective assistance of trial counsel was a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective assistance of trial counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding. *Trevino v. Thaler*, 569 U.S. 413, 422, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013) (citing *Martinez*, 566 U.S. at 13-15).

Assuming, without deciding, that the *Martinez* exception applies to Mississippi's procedural framework,[1] the Court finds the *Martinez* exception is inapplicable because Bradley has not shown that his claim for ineffective assistance of counsel is "substantial." As set forth in *Martinez*, an ineffective assistance claim is not substantial if it "does not have any merit" or is "wholly without factual support." *Martinez*, 566 U.S. at 14, 16 (citation omitted). Here, the Mississippi Court of Appeals reviewed Bradley's underlying claim on the merits and found that the prosecutor's statements did not urge jurors to use their verdict to "send a message" to anyone. Since the Mississippi Court of Appeals found his underlying claim lacks merit, it follows that the ineffective assistance of counsel claim for failing to object to such statements also lacks merit. Indeed, counsel cannot be ineffective for failing to object to statements that were not improper to begin with. *See Martinez v. Quarterman*, 270 F. App'x 277, 299 (5th Cir. 2008) (finding no ineffective assistance of counsel claim for failure to raise Fifth Amendment objection to prosecutor's cross-examination where no underlying Fifth Amendment violation occurred); *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) ("[C]ounsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless."); *Williams v. Director, TDCJ-CID*, No. 1:06-cv-230-KFG, 2012 WL 5609644 (E.D. Tex. Sep. 21, 2012) (finding no ineffective assistance of counsel claim for failure to object because admission of evidence was not erroneous and any objection to admission of said evidence would have been overruled).

---

[1] It is unclear whether *Martinez* applies to Mississippi's procedural framework because the Mississippi Supreme Court has recognized that while assistance of counsel claims can be addressed on direct appeal, such claims are more appropriately brought during post-conviction proceedings. *Williams v. State*, 228 So. 3d 949, 952 (Miss. 2017) (collecting cases); *see also Griffith v. Byrd*, No. 2:14-cv-187-KS, 2016 WL 4249960, *5 (S.D. Miss. Jun. 29, 2016) ("The Supreme Court has not specifically held that *Martinez* applies to Mississippi's procedural framework.").

Without excuse for his procedural default, this Court is precluded from reviewing this claim. Bradley's Objection is overruled and the Report and Recommendation's finding on Ground Three is adopted as the Opinion of the Court.

**B. Ground One: Failing to address the differences in the State's trial testimony and prior statement(s) from the witnesses.**

In his Petition, Bradley argues that the victim, David Baker, and his girlfriend, Cassandra Baker, both gave statements prior to trial that are "completely opposite" from their trial testimony. [1], pg. 5. Bradley asserts that, at trial, David Baker provided "three (3) different versions of how he got stabbed" and that Cassandra Baker gave "uncorroborated and inconsistent testimony which was also conflicting to her original statement." [2], pg. 1. According to Bradley, had trial counsel addressed those inconsistencies, it could have "cast doubt on the prosecution's [witness's] credibility." *Id*. at pg. 2.

While the record does not reflect that Bradley, David Baker, or Cassandra Baker gave written statements to police, the responding officer, Officer Jarrod Smith of the Hattiesburg Police Department, noted the following in his report:

> I made contact with the reporting person and witness, Cassandra Baker. Cassandra stated that her boyfriend, Bradley, came into-her-house intoxicated and started yelling at her. Cassandra stated that her brother, Baker, was lying on the couch trying to sleep when Bradley came into the house causing a disturbance. Cassandra stated that Baker told Bradley that he needed to calm down and quit yelling at his sister. Cassandra stated that Bradley then began to threaten Baker and then escalated the verbal altercation to a physical fight. Cassandra stated that Bradley pushed Baker and herself on the couch and then proceeded to stab Baker with a pocket knife. Cassandra stated that Bradley then walked outside and she called the police.
>
> While following up with Baker at the hospital, he stated that he was lying on the couch when Bradley came into the house yelling at his sister Cassandra. Baker stated in an attempt to defend his sister he tried to calm Bradley down. Baker stated that Bradley then jumped on him and began to stab him.

10

[8-8], pg. 46-47.

Bradley does not object to the Magistrate Judge's summary of the trial testimony, and finding no error, the Court repeats it here for clarity. [19], pp. 12-13. All agreed that Cassandra and David were on the living room couches when Bradley arrived home; and, consistent with David's testimony at trial, Cassandra told police that Bradley was intoxicated, yelling, and had attacked David. By Bradley's own admissions at trial, he was in the bedroom immediately before the attack telling Cassandra that she did not "make [any] motherf----- sense," and that her concerns about him not coming home sooner were "nonsense" and "dumb s---." At that point, Cassandra testified that she "shut down" and got quiet because Bradley made her feel "intimidated." All three agreed that David then spoke up and told Bradley not to talk to his sister that way, prompting Bradley to say that he would "say anything [he] want[ed] in this mother----." David testified that he spoke up because he had never seen Bradley act that way in the seven years that he had known him—he was "outraged," "wild," and acting like a "loose cannon." David and Cassandra both testified that Bradley then charged from the bedroom. Cassandra specifically recalled hearing a loud noise, while David recalled that Bradley kept one hand behind his back. It is unclear from the questioning and testimonies at trial whether David was still lying, sitting, or had just stood up from the couch when Bradley charged from the bedroom. All agreed, however, that the bedroom and living room were in close proximity; that the situation escalated to a physical altercation quickly; that Bradley stabbed David multiple times; and, they both landed on top of Cassandra.

The Magistrate Judge conducted a thorough review of the responding officer's report and the trial testimony and found that although the record reflects that Bradley, David, and Cassandra all gave varying accounts as to what happened that night, "a neutral reading of the record does not

11

reveal any significant discrepancies between David and Cassandra's statements to police and their testimonies at trial that counsel failed to explore." [19], pg. 12. The Magistrate Judge also noted that although Bradley, not counsel, cross-examined David Baker, counsel nevertheless assisted Bradley in his questioning and in introducing evidence into the record during his cross-examination. The Magistrate Judge also noted that while counsel did not impeach the witnesses, counsel did highlight portions of David and Cassandra's testimony that was favorable to Bradley. The Report and Recommendation concluded that the Mississippi Supreme Court's finding that Bradley failed to present a substantial showing that trial counsel was ineffective for not addressing the differences between the witnesses' trial testimony and their prior statements was neither contrary to, nor an unreasonable application of *Strickland v. Washington* and found that Ground One should be denied.

Bradley does not object to the finding that the Mississippi Supreme Court's decision was contrary to, or an unreasonable application of *Strickland v. Washington*. Instead, Bradley realleges that counsel was ineffective on cross-examination and should have moved to impeach the testimony of David and Cassandra. He claims that trial counsel's "failure to expose these discrepancies is a break down in the adversarial testing" and such a failure "falls below the standard of [proficient] representation that the Constitution demands." [21], pg. 9. Bradley's objection, however, merely reurges the allegations presented in his Petition. Because his objection does not relate to a specific finding within the Report and Recommendation, the Court finds that his objection does not merit a *de novo* review. *See Hinton v. Pike Cnty.*, No. 5:16-cv-14-KS, 2018 WL 3142942, at *1 (S.D. Miss. Jun. 27, 2018) (citing *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993) (finding "no factual objection is raised when a petitioner merely reurges arguments contained in

the original petition.")). Bradley's objection is therefore overruled. Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that the Magistrate Judge has undertaken an extensive examination of this issue and has entered a thorough opinion. Even if the Court conducted a *de novo* review, however, Bradley's objection would still be overruled for the same reasons stated in the Report and Recommendation. Accordingly, the recommendation that Ground One be denied is adopted as the opinion of the Court.

**C. Ground Two: Failing to object to the trial court's refusal of relevant evidence supporting self-defense theory.**

At trial, Bradley attempted to introduce a hospital report in which David Baker told hospital personnel that he "jumped on [Bradley] and choked him." [8-8], pg. 52. The trial court ruled that the report was inadmissible but allowed Bradley to question David Baker about the comments contained within the report. In his Petition, Bradley asserts that "counsel was uncooperative and unsupportive in providing/presenting a defense" by failing to object to the trial court's evidentiary ruling. [2], pg. 2. Bradley also asserts that David Baker's statements within the hospital report are a "confession" that David Baker was the initial aggressor, and that counsel should have subpoenaed medical personnel. Bradley argues that "the jurors may have found David more credible than Petitioner, but would those jurors have found David more credible than his own confession[?]" [2], pg. 3. According to Bradley, counsel's failure to object to the court's evidentiary ruling or subpoena witnesses constitutes ineffective assistance of counsel.

In reviewing his claims, the Magistrate Judge found that "[e]ven if counsel had lodged a meritorious and successful objection, or subpoenaed medical personnel, Bradley has not shown that the proceedings would have yielded a different result." [19], pg. 15. In concluding that Bradley could not show he was prejudiced by counsel's actions, the Report and Recommendation provided

13

two examples. First, although the medical report was not admitted into evidence, the trial court allowed David Baker to read portions of the report during cross-examination. Because the jury heard the comments within the medical report, the Magistrate Judge found that Bradley cannot show that he was prejudiced by counsel's failure to advocate for the admission of the report into the record. Second, the Magistrate Judge found that counsel could have determined that portions of the medical report were "double-edged" and harmful to the defense. Because the tactical decision not to present "double-edged" evidence is objectively reasonable, the Magistrate Judge determined that Bradley could not show he was prejudiced by counsel's decision. *Runnels v. Davis*, 664 F. App'x 371, 377 (5th Cir. 2016) (citing *Kitchens v. Johnson*, 190 F.3d 698, 703) (5th Cir. 1999)). The Report and Recommendation concluded that the Mississippi Supreme Court's finding that he failed to present a substantial showing that trial counsel was ineffective for not objecting when the trial court did not admit certain evidence supporting his self-defense theory was neither contrary to, nor an unreasonable application of *Strickland v. Washington*. The Magistrate Judge therefore recommends that Ground Two be denied.

Bradley objects to the Magistrate Judge's conclusion that counsel could have determined the hospital report to be "double-edged." According to Bradley, the hospital report is not "double-edged" because it contains a confession from David Baker that he—not Bradley—was the aggressor. [21], pp. 11, 12. As noted in the Report and Recommendation, however, the hospital report also contained statements from David Baker that Bradley had been physically and verbally abusive towards Cassandra Baker in the past. A strategic decision not to present "double-edged" evidence "is objectively reasonable, and therefore does not amount to deficient performance." *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997); *see also Virgil v. Dretke*, 446 F.3d 598 (5th Cir.

14

2006) (*quoting Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)) ("[A] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."). Despite Bradley's argument to the contrary, the Magistrate Judge is correct in finding that trial counsel's strategic decision is "even less susceptible to judicial second-guessing" because double-edged evidence "essentially comes down to a matter a degrees." *Kitchens*, 190 F.3d at 703) (5th Cir. 1999). Accordingly, Bradley's objection as to this finding is overruled.

The remainder of Bradley's Ground Two objections are copied nearly verbatim from his brief in support of his Petition, and do not warrant a *de novo* review. *See* [2], pg. 3; [21], pp. 9-11; *see also Hinton*, 2018 WL 3142942 at *1 (citing *Edmond*, 8 F.3d at 293 (finding "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition."). Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that the Magistrate Judge has undertaken an extensive examination of this issue and has entered a thorough opinion. Bradley's objections are overruled and the recommendation that Ground Two be denied is adopted as the opinion of the Court.

**D. Ground Four: Failure to conduct adequate pretrial investigation.**

In his Petition, Bradley states that he "has never waivered from his assertion of self-defense." According to Bradley, the 911 call he placed to authorities immediately after the incident occurred supports his defense, as it shows that he stabbed David Baker in self-defense. [2], pg. 5. Bradley claims that trial counsel was ineffective because "counsel blatantly refused" to obtain the 911 call. *Id*. "[H]ad counsel obtained the 911 call juror's [sic] may have concluded from hearing the audio [that] Petitioner was in fear of some great bodily harm, and may have further questioned []

15

[why] would Petitioner call authorities . . . and if he (the Petitioner) was the aggressor." *Id*. In a late filed traverse, Bradley also claims that counsel was ineffective because she failed to investigate David Baker's criminal history before trial, despite being "aware that the victim David Baker admitted to having a history of violence." [9], pg. 4.

To succeed on a failure-to-investigate claim, a petitioner must allege "with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). The Magistrate Judge specifically noted that Bradley does not argue the 911 call contains any new information, but only that it corroborates his theory of self-defense. Accordingly, the Magistrate Judge found that Bradley cannot show that counsel's failure to obtain his 911 recording "amounted to incompetence under prevailing professional norms" or that, but for counsel's alleged failure, the result would have been different. [19], pg. 19 (quoting *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)). Construing Bradley's traverse as a supplement to his failure-to-investigate claim, the Magistrate Judge also explained that Bradley cannot show he was prejudiced by counsel's failure to obtain David Baker's criminal history. Not only does the record reflect that counsel filed a motion requesting David Baker's criminal history, the Magistrate Judge explained that Bradley also "had the opportunity to question David about his criminal history on cross-examination, [and] the jury heard David testify that he had a history of fighting." [19], pg. 17. The Report and Recommendation concluded that the Mississippi Supreme Court's finding that he failed to present a substantial showing that trial counsel was ineffective for not conducting an adequate pretrial investigation was neither contrary to, nor an unreasonable application of *Strickland v. Washington* and found that Ground Four should be denied.

Bradley objects to the finding that trial counsel was not ineffective for not obtaining the 911 call, arguing that trial counsel was "unprepared for rebuttal and unable to prove Petitioner's assertion of self-defense." *Id*. at pg. 13. His objections, however, merely reallege the allegations presented in his Petition. Because his objection does not relate to a specific finding within the Report and Recommendation the Court finds that his objection does not merit a *de novo* review. S*ee Hinton*, 2018 WL 3142942 at *1 (citing *Edmond*, 8 F.3d at 293 (finding "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition.")). The Court has reviewed the Report and Recommendation for clear error on this issue, and finding none, the Court is satisfied that the Magistrate Judge has entered a thorough opinion. Bradley's objection on this issue is overruled.

Bradley also objects to the finding within the Report and Recommendation that counsel was not ineffective for failing to obtain David Baker's criminal history before trial. Bradley argues that trial counsel "mentioned the importance of having David's background in a self-defense claimed case [which] reveals her purposeful neglect[,] cause [sic] she knew 'credibility' would be the difference maker." [21], pg. 13. According to Bradley, "had counsel investigated properly and timely, defense would have been able to challenge the State's witness [sic] credibility[.]" *Id*. at pg. 14. Bradley argues that there is "no reasonableness in counsel's failure to investigate. In a year's time, counsel failed to gather essential information, call witnesses, or gather other necessary information to properly prepare a defense. Counsel['s] failure falls well below the *Strickland* standard." [21], pg. 14.

To succeed on this objection, Bradley must first prove prejudice by showing that it was "'reasonably likely' that the jury *would* have reached a different result, not merely that it *could* have

reached a different result." *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (emphasis in original). Then, Bradley must prove that counsel's actions fell below an objective standard of reasonableness by showing that "every reasonable jurist would conclude that it is reasonab[ly] likely that [Bradley] would have fared better at trial had his counsel conducted a sufficient pretrial investigation." *Id*. at 684. Bradley's objection fails to overcome this high burden. Indeed, in cases finding prejudice for counsel's failure to investigate, courts have "relied on concrete evidence that counsel should have uncovered but did not." *Id*. Here, Bradley presents no evidence to support his argument, and instead, asserts conclusory allegations that were already addressed in the Report and Recommendation. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Because the Court need not consider frivolous, conclusive, or general objections, Bradley's objection on this issue is overruled. *Johansson*, 2015 WL 5089782 at *2 (citing *Battle*, 834 F.2d at 421. The Court has reviewed the Report and Recommendation for clear error on this issue, and finding none, the Court is satisfied that the Magistrate Judge has entered a thorough opinion. The recommendation that Ground Four be denied is adopted as the opinion of the Court.

## IV. CONCLUSION

The Court has fully considered Bradley's Objections and those arguments not specifically addressed would not have changed the outcome. The Report and Recommendation is approved and adopted as the opinion of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that Bradley's Objections [21] to the Report and Recommendation of the United States Magistrate Judge is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [19] of United States Magistrate Judge LaKeysha Greer Isaac filed in this cause on December 9, 2021, is ADOPTED as the opinion of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus [1] is DISMISSED with prejudice.

SO ORDERED, this the 28th day of March, 2022.

                                      TAYLOR B. McNEEL
                                      UNITED STATES DISTRICT JUDGE