IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STANLEY LEE BRADLEY, #73305**                                                 **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 2:18-cv-196-TBM-LGI**

**FRANK SHAW**                                                          **DEFENDANT**

## ORDER DENYING RULE 60(b) MOTION

Stanley Lee Bradley is serving a 20-year state sentence for aggravated assault arising out of the 2014 stabbing of his girlfriend's brother. Following the dismissal of his direct appeal to the Mississippi Court of Appeals—and subsequent denials of his petition for rehearing and writ of certiorari to the Mississippi Supreme Court—still aggrieved, Bradley filed a *pro se* application for state habeas relief. Despite his demand for hybrid representation during trial, Bradley nevertheless challenged the effectiveness of his court-appointed counsel. The Mississippi Supreme Court denied his request for habeas relief and found his four claims for ineffective assistance of counsel were either procedurally barred or without merit.

Bradley then filed his Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254 in this Court, asserting the same four ineffective assistance of counsel claims that were raised, and then rejected, in his state court petition: (1) failure to object to the differences in the State's witnesses' trial testimony and prior statements; (2) failure to object to the trial court's refusal of relevant evidence supporting a self-defense theory; (3) failure to object to the prosecutor's improper remarks during closing argument of "send-a-message;" and (4) failure to conduct an adequate pretrial investigation. [1], pg. 5, 7, 8, 10. In a Report and Recommendation submitted to this Court, United States Magistrate Judge LaKeysha Greer Isaac recommended the dismissal of Grounds

One, Two, and Four with prejudice as meritless, and recommended the dismissal of Ground Three without prejudice as procedurally defaulted. Upon review, and over Bradley's objections, this Court adopted the Report and Recommendation and dismissed Bradley's Petition for Writ of Habeas Corpus.

Following the dismissal of his Petition [1], and the dismissal of his first appeal to the Fifth Circuit, Bradley filed a Motion [37] for relief from judgment under Rule 60(b)(6). This Court determined that the four ineffective assistance of counsel claims presented in his Motion attacked the Court's dismissal of those claims on the merits and were therefore successive Section 2254 claims, rather than proper Rule 60(b) claims. In transferring Bradley's Motion to the Fifth Circuit for consideration, this Court explained that because Grounds One, Two, and Four were previously dismissed on the merits—and because the procedural ruling on Ground Three did not preclude a merits determination—this Court lacked jurisdiction to consider his claims.

The Fifth Circuit then denied Bradley's request to file a successive Section 2254 application as to Grounds One, Two, and Four finding this Court previously addressed these claims on the merits. As for Ground Three, the Fifth Circuit found it was not a successive Section 2254 claim and that it is properly construed as a Rule 60(b) motion. Accordingly, the Fifth Circuit transferred Bradley's pleading to this Court "for consideration as a Rule 60(b) motion to the extent it challenges the underlying procedural default ruling." [48], pg. 2. Pursuant to the Fifth Circuit's Order [48], this Court will consider Bradley's remaining claim, his ineffective assistance of counsel claim for failure to object to the prosecutor's allegedly improper "send-a-message" argument, under Rule 60(b)(6).

Bradley argues that he is entitled to Rule 60(b) relief pursuant to the Supreme Court's "*Martinez* exception" to the procedural bar. But because Bradley has not shown the requisite "extraordinary circumstances" contemplated by Rule 60(b) to warrant habeas relief, his Rule 60(b) Motion is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

This Court has discussed the facts and outlined the history of Bradley's case at length in prior Orders [24], [43] and incorporates them here by reference. For purposes of this opinion, the Court focuses only on Bradley's argument presented in Ground Three of his Petition: that trial counsel was ineffective for failing to object to the prosecutor's improper remarks during closing argument of "send-a-message."

On February 15, 2014, Bradley and his long-time girlfriend, Cassandra Baker, invited people to their home to celebrate Cassandra's birthday. It is undisputed that later that night, Bradley and David Baker, Cassandra's brother, got into a fight. Bradley allegedly stabbed David Baker multiple times with a pocketknife. David Baker was treated at the hospital for one stab wound to his lower side and four stab wounds to his upper back. Bradley was arrested and charged with aggravated assault. Although Bradley was provided court-appointed counsel, he insisted on fully participating in his representation at trial. Despite cautioning by the state court, Bradley elected to proceed with a hybrid representation. Bradley gave his own opening statement and cross-examined the victim, David Baker. Counsel conducted voir dire; cross-examined Bradley's girlfriend, Cassandra Baker, and the responding officer, Jarrod Smith; prepared jury instructions; and gave the closing argument. A jury found Bradley guilty of aggravated assault, and he was sentenced to twenty years in the custody of the Mississippi Department of Corrections.

Bradley filed a direct appeal with the Mississippi Court of Appeals arguing that the prosecution made improper "send-a-message" comments during closing argument. In his direct appeal, the Mississippi Court of Appeals found this ground was procedurally barred because no contemporaneous objection was made to the remarks at trial. Out of an abundance of caution, however, the Mississippi Court of Appeals reviewed the issue for plain error—despite the procedural bar. Upon review, the Mississippi Court of Appeals found that "[t]he prosecutor did not urge jurors to use their verdict to send a message to anyone. Instead, the prosecutor argued that the evidence showed that Bradley was guilty, his behavior was not merely a family dispute but unacceptable and unreasonable, and the jury should hold him accountable." [8-8], pg. 18. Because the prosecutor's statements were not improper, much less "so inflammatory that the trial judge should have objected on his own motion," the Mississippi Court of Appeals affirmed his conviction and sentence. *Id*. In so finding, the Mississippi Court of Appeals concluded that even if his claim was not procedurally barred, there was no clear error. *Id*.

After his petition for rehearing with the Mississippi Court of Appeals was denied, as was his Writ of Certiorari to the Mississippi Supreme Court, Bradley filed a *pro se* application for state habeas relief with the Mississippi Supreme Court. After raising no ground of ineffective assistance of counsel in his prior direct appeal, Bradley asserted four claims for ineffective assistance of trial counsel.[1] But upon review, the Mississippi Supreme Court found that his Ground Three ineffective assistance of counsel claim was in fact procedurally barred. Relying on *Foster v. State*, 687 So. 2d 1124, 1129 (Miss. 1996), the Mississippi Supreme Court explained that "issues which were . . . presented through direct appeal . . . are procedurally barred and cannot be relitigated under the

---

[1] The same four grounds were presented in his Petition for Writ of Habeas Corpus filed in this Court.

4

guise of poor representation by counsel." [8-8], pg. 3. In other words, because the Mississippi Court of Appeals found that the prosecutor's remarks were not improper, Bradley could not subsequently repackage the claim as one for ineffective assistance of counsel in attempt to circumvent the procedural bar.

Following the Mississippi Supreme Court's decision, Bradley filed a Petition for Writ of Habeas Corpus in this Court. In his Petition, Bradley raised the same four ineffective assistance of counsel claims. In considering Bradley's federal habeas Petition, the Magistrate Judge found that Ground Three was foreclosed from federal review, as the procedural bar imposed by the Mississippi Supreme Court was an independent and adequate state ground consistently and regularly applied to procedurally defaulted claims. Because Bradley failed to show cause for the procedural default, the Magistrate Judge recommended the dismissal of Bradley's ineffective assistance of counsel claim presented in Ground Three.

Bradley objected to the Report and Recommendation, but this Court overruled his objections and adopted the Report and Recommendation finding that Ground Three was procedurally defaulted and barred from habeas review. In so finding, this Court disagreed with Bradley's argument that the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1, 132. S. Ct. 1309, L. Ed. 2d 272 (2012), provided cause for his procedural default. This Court explained that the "*Martinez* Rule" was "inapplicable because Bradley has not shown that his claim for ineffective assistance of counsel is 'substantial.'" [24], pg. 9. Meaning, Bradley's ineffective assistance claim "does not have any merit" or is "wholly without factual support." *Martinez*, 566 U.S. at 14, 16 (citation omitted). Following this Court's Order [24] adopting the Report and

5

Recommendation, Bradley filed an appeal with the Fifth Circuit, which was dismissed on August 4, 2022. [35].

Bradley then filed a Motion [37] for relief from judgment requesting that this Court "relieve [him] of its March 28, 2022 holding" and "order [his] immediate release." [38], pp. 1, 6. On December 29, 2023, this Court found the claims asserted in Bradley's Motion [37] to be successive habeas claims rather than proper Rule 60(b) allegations and transferred the Motion to the Fifth Circuit for consideration. This Court explained that although Ground Three was dismissed as procedurally defaulted, because the Court made an alternative finding on the merits, this claim also could not be considered under Rule 60(b). The Fifth Circuit found that to the extent that Bradley's Motion [37] challenges the Court's finding that Ground Three—ineffective trial counsel for failing to object to the prosecutor's improper remarks during closing argument of "send-a-message"—was procedurally defaulted and barred from habeas review, such claims could be properly construed under Rule 60(b).

## II. DISCUSSION AND ANALYSIS

Bradley's Rule 60(b)(6) Motion challenges this Court's prior finding that he procedurally defaulted his Ground Three claim for ineffective assistance of counsel. [40], pg. 1. Rule 60(b)(6) "is a general, catch-all provision that authorizes a district court to equitably relieve a party from a final judgment, order, or proceeding for specific, enumerated reasons or for 'any other reason that justifies relief.'" *Balentine v. Lumpkin*, 2021 WL 3376528, at *4 (5th Cir. 2021) (quoting FED. R. CIV. P. 60(b)(6)). But to obtain relief, a petitioner must file the motion within a reasonable time and must show "extraordinary circumstances," which the Supreme Court has held "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Moreover, "the

6

decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014). Since Bradley timely filed his Motion, the only question before the Court is whether Bradley has shown such "extraordinary circumstances" contemplated by Rule 60(b). *Ruiz v. Lumpkin*, 653 F. Supp. 3d 331, 337 (N.D. Tex. 2023) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)); *United States v. Smith*, No. CR 13-201, 2022 WL 3924314 (E.D. La. Aug. 31, 2022) (granting in part petitioner's Rule 60(b) motion following the dismissal of his appeal with the Fifth Circuit). The Court finds that he has not.

Relying on the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1, 9, 132. S. Ct. 1309, L. Ed. 2d 272 (2012), Bradley asks the Court to reopen judgment and order his release. According to Bradley, he is entitled to Rule 60(b)(6) relief because the *Martinez* exception to the procedural bar applies, and this Court erred in its dismissal of Ground Three. The Court disagrees and finds that Bradley is not entitled to Rule 60(b)(6) relief for two reasons: (1) it is not clear that *Martinez* applies to the Mississippi procedural framework because ineffective assistance of trial counsel claims may be raised on appeal and (2) even if *Martinez* does apply, Bradley has not asserted a substantial or meritorious ineffective assistance of trial counsel claim.

In *Martinez*, the Supreme Court concluded that where state law *requires* that a petitioner's claims of ineffective assistance of trial counsel be raised in a post-conviction relief application (instead of on direct appeal), a state law procedural default of an ineffectiveness claim will not bar federal habeas relief if there was no counsel or if counsel was ineffective in the initial state post-conviction proceeding. *Martinez v. Ryan*, 566 U.S. 1, 9, 132. S. Ct. 1309, 182 L. Ed. 2d 272 (2012). But "[t]he Supreme Court has not specifically held that *Martinez* applies to Mississippi's

procedural framework." *Griffith v. Byrd*, No. 2:14-cv-187-KS, 2016 WL 4249960, at *5 (S.D. Miss. Jun. 29, 2016). Indeed, Mississippi law does not require ineffective assistance of counsel claims to be brought in post-conviction proceedings, as such claims may be raised on direct appeal. *Williams v. State*, 228 So. 3d 949, 952 (Miss. 2017) (collecting cases). So some courts in this district have found that because "Mississippi law does not require an ineffective assistance of trial counsel claim to be brought for the first time in a collateral proceeding . . . the *Martinez* exception to the procedural default is inapplicable." *Grayson v. Fitch*, No. 1:04-cv-708-CWR, 2024 WL 1218568, at *49 (S.D. Miss. Mar. 21, 2024). Accordingly, it is unclear that *Martinez* even applies here.

Even assuming that *Martinez* does apply to the Mississippi procedural framework, the Fifth Circuit has repeatedly rejected 60(b)(6) relief in habeas cases where petitioners invoked *Martinez* and argued that "extraordinary circumstances" were present simply because they "raised a colorable claim with respect to the adequacy of [] state habeas counsel." *Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018) (finding that *Martinez* did not excuse petitioner's procedural default because his ineffective assistance of counsel claim had no merit); *In re Johnson*, 935 F.3d 284, 290 (5th Cir. 2019); *Raby v. Davis*, 907 F.3d 880, 884 (5th Cir. 2018); *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017); *Balentine v. Thaler*, 692 F.3d 357, 357 (5th Cir. 2012); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). Instead, the Fifth Circuit has emphasized the need for a Rule 60(b)(6) movant to show that he can assert "a good claim or defense" if his case is reopened. *In re Johnson*, 935 F.3d at 290 (quoting 11 Wright & Miller, Federal Practice and Procedure § 2857). Bradley has not done so.

In Ground Three, Bradley asserts "the prosecutor repeatedly urged the jury to find [him] guilty based on society issues . . . [and] the prosecutor encouraged the jurors to 'send a message.'"

8

[1], pg. 8. So Bradley argues that trial counsel was ineffective for failing to object to the prosecutor's improper remarks during closing argument of "send-a-message." In reviewing the merits of his claim, the Mississippi Court of Appeals determined that the following comments "are the only ones that resemble a 'send a message' argument:"

> [When a disagreement] goes beyond [a] normal argument, tussle, fight, or somebody wrestling in the living room, there has to be a level of accountability[, be]cause once we move past that point where there is no level of accountability and a person can be stabbed in the back . . . five times, and we can't evaluate that to determine what the facts are, [then] we're in a society that would have a significant amount of problems. . . . [J]ustice . . . has to come if we want to live in a society[,] in a town, in a city, in a country that's fair—that everybody feels safe. . . . . That's that normal family dispute that crosses that line that cannot be okay in a functional society. It simply can't. Good citizens have to say we're not going to have that mess in our society.

[7-1], pg. 34; *Bradley v. State*, 223 So. 3d 794, 798-99 (Miss. Ct. App. 2017). The Mississippi Court of Appeals found that "[t]he prosecutor did not urge jurors to use their verdict to send a message to anyone," but the prosecutor merely "argued that the evidence showed Bradley was guilty, his behavior was not merely a family dispute but unacceptable and unreasonable, and the jury should hold him accountable." [7-1], pg. 34. Because the comments were not "so inflammatory that the trial judge should have objected on his own motion," the Mississippi Court of Appeals found no plain error. [8-8], pg. 17-18.

Upon review, and even without taking a position, this Court recognizes there is plenty of authority in support of the Mississippi Court of Appeals' finding that the prosecutor's remarks were not improper and did not urge jurors to use their verdict to "send a message" to anyone. *Dowthitt v. Johnson*, 230 F.3d 733, 355 (5th Cir. 2000) ("in the context of closing argument . . . [the prosecutor is not] prohibited from reciting to the jury those inferences and conclusions she wishes the jury to draw from the evidence so long as those inferences are grounded upon the evidence.");

9

*Jones v. Bingham*, No. 1:04-cv-375-GHD, 2007 WL 2701934, at *6 (N.D. Miss. Sep. 10, 2007) (explaining that the Mississippi Court of Appeals found that the prosecutor's argument that "you cannot tolerate the James Jones of world," was not an improper send a message argument. And the district court found that even if the prosecutor's argument was in error, the petitioner was not entitled to habeas relief). Accordingly, trial counsel "cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *Martinez v. Quarterman*, 270 F. App'x 277, 299 (5th Cir. 2008) (finding no ineffective assistance of counsel claim for failure to raise Fifth Amendment objection to prosecutor's cross-examination where no underlying Fifth Amendment violation occurred); *Williams v. Dir.*, TDCJ-CID, No. 1:06-cv-230-KFG, 2012 WL 5609644 (E.D. Tex. Sep. 21, 2012) (finding no ineffective assistance of counsel claim for failure to object because admission of evidence was not erroneous and any objection to admission of said evidence would have been overruled).

But even if this Court disagreed with the Mississippi Court of Appeals and found that the prosecutor's statements were in fact improper "send a message" arguments, such statements nevertheless do not rise to the level required for habeas relief. Indeed, habeas relief is an extraordinarily high bar. *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("[s]urmounting *Strickland's* high bar is never an easy task" and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."). And "[n]ot all improper prosecutorial arguments require [habeas] relief, because not all of them render the proceeding unfair." *Romine v. Head*, 253 F.3d 1349, 1368 (11th Cir. 2001) (citing *Darden v. Wainwright*, 477 U.S. 168, 179–81, 106 S. Ct. 2464, 2470-71, 91 L. Ed. 2d 144 (1986) (relief not required merely

10

because the argument "deserves the condemnation it has received from every court to review it")); *see also United States v. Wise*, 221 F.3d 140, 152 (5th Cir. 2000).

In fact, other courts have declined habeas relief even where the prosecution "no doubt crossed the line of what is appropriate argument" by improperly suggesting that the jury should "send a message" by imposing a lengthy sentence. *Sublett v. Dormire*, 217 F.3d 598, 601 (8th Cir. 2000); *see also Whitehead v. Byrd*, No. 3:08-cv-05-WHB-LRA, 2011 WL 1099880, at *9 (S.D. Miss. Jan. 25, 2011) (finding prosecutor's improper "send a message" argument in closing argument did not entitle petitioner to habeas relief). For example, in *Sublett*, the Eighth Circuit found the following argument did not violate the defendant's right to due process:

> Our only benefit is if we can send a message. Our only hope is that by punishing him, we can deter others. . . . But where you get to send the message is on the Armed Criminal Action, because there is no end, and that's where you send your message. The message that you put on the billboards, "Welcome to Westport, Robbers. On October 25th, the jury sentenced Vernon Sublett, a robber, too (sic), 500 years." We don't ever want you back. A thousand years. The purpose of this is to deter others. And we don't want him back. So I leave it to you. It's your community. We all go to Westport or the Landing or whatever part of town that a particular robber (sic) is going to take place. But the message is sent by you guys today. And that's why I'm here. That's why we're here. That's why we've gone through this ordeal is to send that message. There is no doubt that this is the robber. Now let's send a message.

*Sublett*, 217 F.3d at 600-01. In so finding, the Eighth Circuit explained that the prosecutor "did not mischaracterize evidence or implicate any other of Sublett's specific constitutional rights." *Id.* at 601. Therefore, the Eighth Circuit found that the comments did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*

The prosecutor's arguments at issue in this case are certainly not so egregious as those in *Sublett*—and yet even Sublett was not entitled to habeas relief. For these reasons, Bradley cannot show that he can assert "a good claim or defense" if his case is reopened as required by Rule

60(b)(6). This Court therefore exercises its broad discretion and denies Bradley's Rule 60(b)(6) Motion on this Ground.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Stanley Lee Bradley's Rule 60(b)(6) Motion [37] for ineffective assistance of counsel for failing to object to the prosecutor's improper remarks during closing argument of "send-a-message" is DENIED.

This, the 10th day of September, 2024.

                                              TAYLOR B. McNEEL
                                              UNITED STATES DISTRICT JUDGE